892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Orlando CABALLERO, Petitioner-Appellant,
v.
Roger SCOTT, Warden, FCI Safford, AZ, Respondent-Appellee.
 No. 88-15630.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 22, 1989.*
Decided Dec. 19, 1989.
 
 Before BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Oscar Orlando Caballero appeals the district court's dismissal of his pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. We review the district court's dismissal of a habeas petition de novo, Vermouth v. Corrothers, 827 F.2d 599, 601 (9th Cir.1987), according the pro se prisoner's petition a liberal construction, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); Wilborn v. Escalderon, 789 F.2d 1328, 1330 (9th Cir.1986).
 
 
 3
 Caballero contends that the Parole Commission erred in setting his presumptive parole date at 52 months. The United States Parole Commission, based upon its parole guidelines, see 28 C.F.R. § 2.20 (1985), established Caballero's presumptive parole range as 40-52 months. Caballero argues that the Parole Commission relied upon erroneous information in the Presentence Investigation Report in ordering that he serve to the upper end of these guidelines. Specifically, the Presentence Report states on page 7 that "[a]ccording to the case agent, defendant Oscar Orlando Caballero is considered to be the most culpable defendant because he is viewed as being the primary source of cocaine. Next in culpability are Luis LaVerde and Gustavo LaVerde...." Caballero suggests that this information is erroneous because it conflicts with the statement of the Assistant United States Attorney during Caballero's sentencing hearing that "I agree with the Probation Office in that I at least perceive Mr. LaVerde and Mr. Caballero equally culpable...."
 
 
 4
 The Commission's presumptive parole range of 40-52 months was determined without resort to the controverted information, see 28 C.F.R. § 2.20, and Caballero does not contend that the parole range is erroneous. The Parole Commission set Caballero's presumptive parole date within the range specified by the guidelines, albeit at the upper end. This decision is well within the scope of discretion granted the Commission by Congress, and is therefore not within this court's jurisdiction to review. See Wallace v. Christensen, 802 F.2d 1539, 1550-51 (9th Cir.1986) (en banc). Nor is the Commission's decision so arbitrary or capricious as to violate due process. See id. at 1552. Accordingly, the district court properly dismissed Caballero's petition.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3