953 F.2d 1387
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin Martin JONES, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, et al. Defendants-Appellees
 No. 91-15070.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1992.*
Decided Jan. 27, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benjamin Jones appeals pro se the dismissal of his 42 U.S.C. § 1983 action arising from the loss of his personal property, including legal documents, when he was transferred within the California prison system. We affirm.
 
 
 3
 Jones claims that he suffered a deprivation of his property without due process of law in violation of the Fourteenth Amendment, that he was unconstitutionally denied access to the courts, that the district court erred in denying Jones's request for appointment of counsel under 28 U.S.C. § 1915(d), and that the district judge was biased against him. Jones did not serve his amended complaint on any of the named defendants. Rather, he mailed it to the office of the Attorney General, even though California was not named as a defendant in the amended complaint. The State of California opposed the complaint as amicus curiae.
 
 
 4
 We review de novo a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Jackson v. Southern Cal. Gas Co., 881 F.2d 638, 642-43 (9th Cir.1989).
 
 
 5
 Jones does not allege that the loss of his property occurred as the result of an established state procedure. Rather, he contends that the deprivation occurred as the result of the unauthorized and "unlawful" conduct of various prison officials. Jones's deprivation of property claim therefore is not cognizable under 42 U.S.C. § 1983 because California tort law provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986) and Davidson v. Cannon, 474 U.S. 344 (1986). Jones's claim that he was denied due process because he did not receive a hearing on his inmate grievance also lacks merit. California's prison regulations create no such substantive right. See Olim v. Wakinekona, 461 U.S. 238, 249-51 (1983).
 
 
 6
 The district also properly dismissed Jones's claim that the loss of his legal documents denied him access to the courts. Because Jones has not alleged any actual injury--that is, a "specific instance" in which he was "actually denied access to the courts"--his complaint must fail. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).[1]
 
 
 7
 Jones contends that the district court erred in declining to designate counsel to represent Jones under 28 U.S.C. § 1915(d), which authorizes the appointment of counsel to represent indigent civil litigants in "exceptional circumstances." Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). We review the district court's denial for an abuse of discretion. Id. Jones emphasizes that he is homeless, "an incompetent" and lives in squalid conditions. The test for exceptional circumstances, however, requires the court to evaluate the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983)). Here, the legal issues were straightforward and the likelihood of success on the merits was near zero. The district court did not abuse its discretion.
 
 
 8
 Finally, Jones's claim of judicial bias is wholly without merit. The claim is apparently directed at the conduct of Judge Hatter of the Central District of California in denying Jones's request for the appointment of counsel. A judge's denial of a litigant's motion cannot by itself form the basis for a claim of judicial bias. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1045-46 (9th Cir.1987) (as amended), aff'd on other grounds, 110 S.Ct. 2535 (1990). Because Jones has failed to identify any extrajudicial source of the alleged bias, his claim must fail. Id.
 
 
 9
 The district court's order dismissing Jones's complaint is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we hold that Jones failed to allege a constitutional violation, we need not address the government's argument that Jones also failed to allege any connection between the named defendants and the denial of his constitutional rights