981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Owen Duane NUNNEMAKER, Plaintiff-Appellant,
v.
Eddie YLST, Warden, California Medical Facility at
Vacaville; Ward Brown, Chief Medical Officer, California
Medical Facility at Vacaville; Belen Lacuna, Medical
Officer, California Medical Facility at Vacaville; K.
Hayward and M. Cry, Correctional Counselors, California
Medical Facility at Vacaville; H. Bard, Program
Administrator, California Medical Facility at Vacaville; S.
Hodgdon, Teacher, California Medical Facility at Vacaville,
Defendants-Appellees.
 No. 92-15710.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 11, 1992.
 
 Before TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Owen Duane Nunnemaker, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging that prison officials violated his eighth and fourteenth amendment rights by requiring him to participate in a vocational program beyond his physical capability and then penalizing him by placing him on voluntarily-unassigned status when he was unable to continue the program. He also appeals the district court's failure to rule on his motion for appointment of counsel prior to granting defendants' summary judgment motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND
 
 3
 For an undetermined period prior to February 16, 1989, Nunnemaker was classified as a medically-unassigned inmate due to a back injury. As a medically-unassigned inmate, Nunnemaker enjoyed the same time credit-earning and privilege status as an inmate with a work or vocational training assignment.
 
 
 4
 In November 1988, Nunnemaker was examined by Dr. Bray, a neurosurgeon, who concluded that Nunnemaker could be employed in any position which would permit him to remain in a wheelchair and attend physical therapy sessions. In accordance with Dr. Bray's evaluation, a prison classification committee removed Nunnemaker from medically-unassigned status and placed him in a vocational computer training program beginning May 2, 1989.
 
 
 5
 On June 6, 1989, following a hearing which Nunnemaker attended, the prison classification committee removed Nunnemaker from the program. The committee found that Nunnemaker had failed to participate in the program and had refused to accept any alternative work assignment. In accordance with its findings, the committee reclassified him as voluntarily unassigned, with the concomitant lower time credit-earning and privilege status.
 
 STANDARD OF REVIEW
 
 6
 We review de novo the district court's grant of summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). We review for an abuse of discretion the district court's failure to appoint counsel. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 DISCUSSION
 I. Eighth Amendment Claim
 
 7
 Nunnemaker contends that prison officials violated his eighth amendment rights by requiring him to participate in a vocational program beyond his physical capability and then placing him on voluntarily-unassigned status when he was unable to continue the program.
 
 
 8
 The eighth amendment protects inmates from conditions of confinement which involve the " 'unnecessary and wanton infliction of pain.' " Rhodes v. Chapman, 452 U.S. 337, 346 (1980) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1972)). To state a section 1983 claim based upon inadequate medical care, prisoners must show that prison officials acted with deliberate indifference to their serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976).
 
 
 9
 Here, it is undisputed that Nunnemaker was assigned to the vocational program only after he was examined by Dr. Bray, a neurosurgeon, and his file was reviewed by members of a prison classification committee, including a licensed physician. He was permitted to remain in a wheelchair while he attended the program, and medical records submitted by defendants indicate that he received almost daily physical therapy throughout the period he was enrolled in the program. The medical records also indicate that Nunnemaker continued to receive medical care following his removal from the program. Accordingly, the district court properly rejected Nunnemaker's eighth amendment claim.
 
 II. Fourteenth Amendment Claim
 
 10
 Nunnemaker contends that prison officials violated his fourteenth amendment rights to due process and equal protection by changing his status from that of a medically-unassigned inmate to a voluntarily-unassigned inmate because (a) the change in status deprived him of worktime credits to which he is entitled under California Penal Code § 2933; and (b) as a disabled inmate, he is entitled to the same time credit-earning and privilege status as a working inmate under the California Code of Regulations, Title 15, § 3044.
 
 
 11
 Nunnemaker has no due process liberty interest in receiving worktime credits under section 2933. See Toussaint v. McCarthy, 801 F.2d 1080, 1094 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). To the extext that Nunnemaker claims entitlement to the same time credits and privileges as a working inmate, he fails to meet section 3044's threshold requirement of total disability. See CCR, Tit. 15, § 3044(c)(1)(D). Dr. Bray diagnosed Nunnemaker as only partially disabled, as did the Social Security Administration. As a partially disabled inmate, Nunnemaker was eligible to be placed in a work assignment within his physical capability. See CCR, Tit. 15, 3044(c)(1)(E).
 
 III. Appointment of Counsel
 
 12
 Because this case presents no exceptional circumstances, the district court did not abuse its discretion by failing to appoint counsel for Nunnemaker. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3