983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Valentin HERNANDEZ, Plaintiff-Appellant,
v.
Lawrence KINCHELOE, Warden, Defendant-Appellee.
 Nos. 92-35076, 92-35121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 29, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Valentin Hernandez, a Washington state prisoner, appeals pro se the district court's grant of summary judgment in favor of Washington State Prison Superintendent, Lawrence Kincheloe, in Hernandez' 42 U.S.C. § 1983 action. Hernandez contends that his civil rights were violated when non-trained prison staff members issued him infractions for violating prison rules based upon his race. He also contends that the district court erred by denying his motion for appointment of counsel.[1] We review de novo a grant of summary judgment. Crane v. Arizona Republic, 972 F.2d 1511, 1516 (9th Cir.1992). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain. Fed.R.Civ.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 
 4
 Liability under 42 U.S.C. § 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference, failed to act to prevent them. Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991); Taylor, 880 F.2d at 1045. There is no respondeat superior liability under 42 U.S.C. § 1983. Taylor, 880 F.2d at 1045.
 
 
 5
 In his complaint, Hernandez merely alleges that Kincheloe was responsible for reviewing decisions regarding infractions issued. He does not allege that Kincheloe ever directly participated in the improper issuance of infractions to Hernandez based on his race. Moreover, in support of his motion for summary judgment, defendant Kincheloe established by way of an affidavit that he had never had any personal contact with Hernandez or issued him any infractions. Hernandez failed to establish that a genuine issue of material fact remained. See Fed.R.Civ.P. 56(c).
 
 
 6
 Therefore, the district court properly granted summary judgment to Kincheloe on the basis that he had not personally caused or participated in causing a violation of Hernandez' rights.
 
 
 7
 Hernandez also contends that the district erred by denying his motion for appointment of counsel. The denial of a motion for appointment of counsel is reviewed for an abuse of discretion. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). Appointment of counsel may be made only under " 'exceptional circumstances.' " Id. (citations omitted). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1989) (citations omitted).
 
 
 8
 Here, given the absence of a genuine issue of material fact and Hernandez' ability to adequately articulate his claims without the assistance of counsel, the district court properly denied his motion for appointment of counsel.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although we find Hernandez' request for an injunction against the "misuse of custody infraction powers" moot because he was released on September 30, 1992, the remaining damages and related relief claims are not affected by his release. See Powell v. McCormack, 395 U.S. 486 (1969)