985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Donald HARVEY, Plaintiff-Appellant,
v.
KLAMATH COUNTY JAIL COMMANDER/SUPERINTENDENT, Klamath County
Jail Medical Staff, Charles D. Bury and Jackquelyn
Gail Hoffman, Defendants-Appellees.
 No. 92-35502.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Donald Harvey, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging that prison officials acted with deliberate indifference to his serious medical needs by failing to refill his prescription for Atarax, a drug used to treat anxiety disorders. He also appeals the district court's denial of his motion for appointment of counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND
 
 3
 Between May 13, 1991 and May 21, 1991, Harvey was incarcerated in Klamath County Jail in connection with his transfer from Lake County Jail to the Oregon State Correctional Institution in Pendleton. Upon his arrival, he requested that his prescription for Atarax be refilled. Jackquelyn Gail Hofmann, R.N., a prison nurse, interviewed Harvey on May 14, 1991, and referred his request to Charles D. Bury, M.D., a prison doctor. After meeting with Harvey on May 16, 1991, and discussing his condition, Dr. Bury determined that Atarax was medically unnecessary. As a result, Harvey contends that he suffered from anxiety, headaches, backaches, nausea and diarrhea. Upon his transfer to the Oregon State Correctional Institution in Pendleton on May 21, 1991, he was seen by a nurse, who prescribed anti-anxiety medication.
 
 STANDARD OF REVIEW
 
 4
 We review de novo the district court's grant of summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). We review for an abuse of discretion the district court's failure to appoint counsel. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 DISCUSSION
 I. Eighth Amendment Claim
 
 5
 Harvey contends that prison officials violated his eighth amendment rights by failing to refill his prescription for Atarax.
 
 
 6
 To establish a violation of the eighth amendment, Harvey must show that prison officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A difference of opinion over proper medical treatment does not constitute deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 7
 Although Harvey concedes that he was seen by prison medical staff during his incarceration at Klamath County Jail, he contends that Dr. Bury should have conducted a physical examination and that his nervous condition required treatment with Atarax. By contrast, Dr. Bury states in his affidavit that after seeing Harvey and discussing anti-anxiety medications, he determined that Harvey displayed no symptoms warranting a physical examination and that Atarax was medically unnecessary. This difference of opinion over proper medical treatment does not constitute deliberate indifference.[1] Sanchez, 891 F.2d at 242.
 
 II. Appointment of Counsel
 
 8
 Because this case presents no exceptional circumstances, the district court did not abuse its discretion by failing to appoint counsel for Harvey. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Harvey also appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of the summary judgment order, which the district court dismissed for lack of jurisdiction. Because Harvey filed his Rule 60(b) motion after his notice of appeal, the district court properly dismissed his motion for lack of jurisdiction. Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir.1992) (en banc)