15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Kieron ALLSOP, Plaintiff-Appellant,
v.
CITY OF PHOENIX, a body politic, et al., Defendant-Appellee.
 No. 93-15812.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 25, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kieron Allsop, an Arizona state prisoner, appeals pro se the district court's summary judgment in Allsop's 42 U.S.C. Sec. 1983 civil rights action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 I. Background
 
 3
 Allsop was taken to a hospital after being involved in a car accident. Because police suspected that Allsop had been driving under the influence of alcohol, they asked the emergency room physician to give them a sample of Allsop's blood. Allsop was not under arrest at that time and the police obtained neither Allsop's consent nor a search warrant. The blood sample showed a blood alcohol content of 0.29%. The government used this evidence in a successful criminal prosecution of Allsop for aggravated assault.
 
 
 4
 Allsop sued the City of Phoenix and several of its officers under 42 U.S.C. Sec. 1983, claiming that the blood sample was taken in violation of the Fourth and Fourteenth Amendments. The district court granted defendants' motion to dismiss and denied Allsop's motion for leave to file an amended complaint. Allsop appealed, and this court upheld the dismissal but reversed the district court's denial of Allsop's request to file an amended complaint. Allsop v. City of Phoenix, No. 91-15637, unpublished memorandum disposition (9th Cir. Apr. 8, 1992).
 
 
 5
 On remand, both parties moved for summary judgment. The district court granted defendants' motion, finding that Allsop's Fourth Amendment rights were not violated because the doctor drew Allsop's blood for medical reasons and then honored the police officer's request for a portion of the sample.
 
 II. Analysis
 
 6
 We review de novo the grant of summary judgment. Hopkins v. Adaya, 958 F.2d 881, 884 (9th Cir.1992). A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 7
 The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. Const. amend. IV. A blood test constitutes a search of the person within the meaning of the Fourth Amendment. Schmerber v. California, 384 U.S. 757, 768 (1966). Thus, search warrants are ordinarily required for blood tests. Id. at 769-70 (the Fourth Amendment protects human dignity and privacy and requires a search warrant "where intrusions into the human body are concerned"); Barlow v. Ground, 943 F.2d 1132, 1138 (9th Cir.1991), cert. denied, 112 S.Ct. 2995 (1992).
 
 
 8
 The Fourth Amendment, however, is not violated when medical personnel draw blood from a patient for medical purposes and then honor a police officer's request for a portion of the blood. See United States v. Attson, 900 F.2d 1427, 1433 (9th Cir.), cert. denied, 498 U.S. 961 (1990); see also United States v. Chukwubike, 956 F.2d 209, 212 (9th Cir.1992) (doctor gave police balloons containing a controlled substance after extracting the balloons from the defendant's stomach).
 
 
 9
 On appeal, Allsop contends that the district court erred by granting defendants' motion for summary judgment because there is a genuine issue as to whether his blood was drawn for medical purposes. In support on their motion for summary judgment, defendants submitted the affidavit of Dr. Colorafi, the emergency room physician. Dr. Colorafi asserted that he drew Allsop's blood for medical purposes, that it is standard procedure to draw blood for laboratory tests on all trauma patients, such as Allsop, and he honored the police officer's request for a portion of the blood he drew for medical purposes.
 
 
 10
 Allsop contends on appeal that Dr. Colorafi drew blood twice, first for medical purposes, and then for law enforcement purposes. Allsop, however, offered no evidence in support on this contention. Because Allsop submitted no evidence controverting Dr. Colorafi's affidavit, there are no genuine issues of triable fact. Thus, the district court correctly granted defendants' motion for summary judgment.[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Allsop's request for oral argument is denied
 Appellant's motion for the same panel that decided the previous appeal in this case to hear and decide this appeal is denied.
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Allsop also contends that the district court erred by denying his motion for appointment of counsel. We affirm the district court's denial of Allsop's request for appointment of counsel because this case did not present exceptional circumstances requiring the appointment of counsel. See Wilborn v. Escalderaon, 789 F.2d 1328, 1331 (9th Cir.1986)