29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl V. DUMLER, Petitioner-Appellant,
v.
OREGON STATE PRISON; Manfred F. Maass, Respondents-Appellees.
 No. 93-35844.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 16, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Dumler, an Oregon state prisoner, appeals pro se the district court's (1) denial of his motion for a preliminary injunction;[1] (2) denial of his motion to recuse the district court judge; and (3) denial of his motion for appointment of counsel in Dumler's 42 U.S.C. Sec. 1983 action alleging that he is receiving inadequate medical care. We dismiss for lack of jurisdiction, Dumler's challenge to the district court's denial of his motion to recuse the district court judge, see In re Cement Antitrust Litigation, 673 F.2d 1020, 1022-24 (9th Cir.1982) (motion to recuse is not a final appealable order). We also lack jurisdiction to review the district court's denial of Dumler's motion for appointment of counsel, see Wilborn v. Escaldron, 789 F.2d 1328, 1330 (9th Cir.1986) (denial of a motion for appointment of counsel under 28 U.S.C. Sec. 1915(d) is not a final appealable order). We have jurisdiction to review the denial of Dumler's motion for a preliminary injunction pursuant to 28 U.S.C. Sec. 1292, and we affirm as to that portion of his appeal.
 
 
 3
 Our review of a preliminary injunction is limited. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989). We will reverse the district court's denial of a preliminary injunction only for abuse of discretion. Id. In determining whether the district court abused its discretion, we examine whether the court (1) applied the wrong substantive law governing injunctive relief or (2) based its decision upon a clearly erroneous finding of a material fact. See id. A plaintiff seeking a preliminary injunction must demonstrate a likelihood of success on the merits and a significant threat of irreparable injury unless the injunction issues. See Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985).
 
 
 4
 Here, Dumler seeks "to compel answers to his request for proper medical treatment." Dumler, however, failed to demonstrate any likelihood of success on the merits. Accordingly, the district court did not abuse its discretion by denying Dumler's motion for a preliminary injunction. See id.[2]
 
 
 5
 AFFIRMED IN PART, AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Dumler seeks to appeal the district court's denial of a TRO, it is not appealable. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989) ("denial of a temporary restraining order is not generally appealable unless it effectively decides the merits of the case"). Thus, we review only the denial of the preliminary injunction. See id
 
 
 [2]
 Dumler's request for appointment of counsel on appeal is denied