83 F.3d 430
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Burton H. WOLFE, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner of Social Security
Administration**; Pete Wilson; Thomas P.
Nagle, Director, California Employment; Gray Davis,
Chairman, California Franchise Tax Board, in their official
capacities; State of California, Defendants-Appellees.
 No. 95-15833.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Burton H. Wolfe appeals pro se the district court's dismissal of his action challenging: 1) the State of California's reduction in state supplements to the monthly federal Supplemental Security Income benefits ("SSI"); and (2) the Social Security Commissioner's refusal to waive Wolfe's SSI overpayment. Wolfe also appeals the district court order denying his motion for the appointment of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 State of California's Reduction in State Supplements to SSI
 
 A. State Defendants
 
 4
 We agree with the district court that Wolfe's federal action against state officials for reducing state supplements to monthly federal SSI payments is barred by the Eleventh Amendment. See Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 101-102 (1984); Edelman v. Jordan, 415 U.S. 651, 678 (1974).
 
 B. Federal Defendants
 
 5
 It is appropriate for a district court to dismiss a complaint for failure to state a claim if it appears beyond a doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Buckey v. Los Angeles, 968 F.2d 791, 794 (9th Cir.1992). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).
 
 
 6
 The amount of SSI benefits that a recipient is entitled to receive is fixed statutorily. 42 U.S.C. § 1382(a)(3)(A). A state may augment this amount by entering into an agreement with the Commissioner. 42 U.S.C. § 1382e. Each state retains complete freedom to revise at any time its determination of whether and to what extent it would supplement the Federal payments. H.Rep. No. 231, 92nd Cong., 1st Sess., 199, reprinted in 1972 U.S. Code Cong. & Admin.News 4989, 5185.
 
 
 7
 Wolfe contends that the Commissioner acted improperly by acquiescing in the decision made by the State of California Legislature's to reduce SSI state supplement reduction. This claim lacks merit because the Commissioner has no control over the amount the state chooses to supplement SSI payments. See 42 U.S.C. § 1382e; H.Rep. No. 231, 92nd Cong., 1st Sess., 199. Therefore, no set of facts can support Wolfe's claim for relief against the federal defendants based on California's decision to reduce monthly state supplements to SSI. See Buckey, 968 F.2d at 794; Balistreri, 901 F.2d at 699.
 
 II.
 Refusal to Waive Overpayment
 
 8
 We agree with the district court that Wolfe's claim against the federal defendants for their failure to waive his overpayment of disability benefits must be dismissed for lack of subject matter jurisdiction because he failed to exhaust his administrative remedies. See 42 U.S.C. § 405(g).
 
 III.
 Denial of Motion to Appoint Counsel
 
 9
 We agree with the district court that appellant was not entitled to the appointment of counsel after the district court granted defendants' motions to dismiss. See 28 U.S.C. § 1915; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 10
 AFFIRMED.
 
 
 
 **
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in SOCIAL SECURITY cases was transferred to the COMMISSIONER OF SOCIAL SECURITY effective March 31, 1995. In accordance with section 106(d) of P.L. 103-296, Shirley S. Chater, COMMISSIONER OF SOCIAL SECURITY, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Wolfe's request for oral argument is denied
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3