95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Vincent ZANKICH, Plaintiff-Appellant,
v.
MARICOPA COUNTY, ARIZONA; Tom Rawles, individually and in
his official capacity as members of the constituting the
Maricopa County Board of Supervisors, Maricopa County
Arizona; Jim Bruner, individually and in his official
capacity as member of and constituting the Maricopa County
Board of Supervisors, Maricopa County Arizona; Betsey
Bayless, Individually and in her official capacity as member
of and constituting the Maricopa County Board of
Supervisors, Maricopa County Arizona; Ed King, Individually
and in his official capacity as member of and constituting
the Maricopa County Board of Supervisors, Maricopa County
Arizona; Mary Rose Wilcox, individually and in her official
capacity as member of and constituting the Maricopa County
Board of Supervisors Maricopa County Arizona; Tom Agnos,
individually and in his official capacity as Sheriff of
Maricopa County Arizona; Joe Arpaio, individually and in
his official capacity as Sheriff of Maricopa County Arizona;
Gale Steinhauser, individually and in her official capacity
as Associate Medical Director, Maricopa County Arizona,
Correctional Health Services; Defendants-Appellees.
 No. 95-16336.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1996.*
Decided Aug. 26, 1996.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and VANCE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Arizona state prisoner James Vincent Zankich appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. Zankich contends that the district court erred by granting summary judgment on his claim that the Maricopa County jail and medical personnel were deliberately indifferent to his serious medical needs during his pretrial detention. Zankich also appeals the district court's denial of his motion for appointment of counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 We review a district court's grant of summary judgment de novo. Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994). Granting a summary judgment is appropriate if the nonmoving party produces only "a scintilla of evidence" to create a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1985); see also T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987).
 
 
 5
 The Eighth Amendment provides a "minimum standard of care" for determining a prisoner's rights to medical care as a pretrial detainee. Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir.1996). To prove a violation of the Eighth Amendment, the plaintiff must prove that: (1) the alleged deprivation is, objectively, sufficiently serious; and (2) that the defendants were "deliberately indifferent" to the inmate's health and safety. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994). The test for "deliberate indifference" is objective. The prisoner must show that the official "knew of the risk and that the official inferred that substantial harm might result from the risk." Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir.1995).
 
 
 6
 Zankich claims that the county sheriff failed on three occasions during the months of September, October, and November 1991, to transport him to the Maricopa Medical Clinic (MMC) to receive treatment for chronic lymphocytic leukemia. However, even assuming that the failure to transport Zankich was sufficiently serious, Zankich has failed to bring forth sufficient evidence showing a culpable state of mind on the part of the defendants. On those occasions when Zankich missed an appointment at MMC, doctors at the correctional institution gave him his prescribed treatment of Chlorambucil and Prednisone after consulting with Zankich's doctors at MMC. Kreisle Deposition; see also Medication records for October and November (recording Zankich's treatment). Although the missed appointments may have prevented Zankich from beginning his IV chemotherapy at an earlier date, the defendants' actions of consulting with Zankich's oncologist and continuing his regular treatment of oral chemotherapy preclude the possibility that they were deliberately indifferent to his well-being.
 
 
 7
 Zankich also claims that the county medical staff once administered a prescribed medication for fourteen days rather than the usual four days. This claim at best establishes the medical staff's negligence, which does not amount to a constitutional violation. See Etelle v. Gamble, 429 U.S. 97, 106 (1976).
 
 
 8
 Zankich next claims that he was not treated for gallstones. However, a medical test revealed no evidence of gallstones and Zankich has not come forward with evidence that this test was wrong. Thus, Zankich's claim of deliberate indifference must fail.
 
 
 9
 Because Zankich failed to establish any constitutional violations, the district court properly granted summary judgment to the defendants.
 
 
 10
 Zankich also contends that the district court erred in refusing to appoint him counsel. We review the district court's denial of a motion for appointment of counsel for an abuse of discretion. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). Because the district court considered Zankich's likelihood of success on the merits and his ability to articulate his claim and concluded that no exceptional circumstances existed, see Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986), we find no abuse of discretion by the district court.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3