108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny Montana GUERRA, Plaintiff-Appellant,
v.
L. SNIDER, Warden; J. Gamboa; Vasquez; K. Ligon; L.
Jackson; K. Harrington; D. Schumacher; M. Shea; J.
Stainer; R. Bird; State of California; California
Department of Corrections, for the State of California,
Defendants-Appellees.
 No. 96-16832.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny Montana Guerra, a California state inmate, appeals pro se the district court's grant of summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging that prison officials participated in a conspiracy to retaliate against him for filing a state court action regarding improper medical care. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 We review a district court's grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, genuine issues of material fact exist and whether the district court correctly applied the relevant substantive law. Id.
 
 A. Magistrate Judge's Authority
 
 4
 Guerra contends that the magistrate judge lacked authority to prepare findings and recommendations on the defendants' motion for summary judgment. This argument lacks merit. While a magistrate judge lacks authority to issue a dispositive order unless the district court refers the matter to the magistrate judge and the parties consent to a decision by the magistrate judge, see 28 U.S.C. § 636(c)(1), a district court may designate a magistrate judge to prepare findings and recommendations on a dispositive motion for the district court; consent by the parties is not required. See 28 U.S.C. § 636(b)(1)(B). Here, the magistrate judge properly made findings and recommendations pursuant to her authority under 28 U.S.C. § 636(b)(1)(B), and the district judge reviewed the record de novo and granted summary judgment to the defendants.
 
 B. Liberal Construction of Complaint
 
 5
 Guerra contends that the district court failed to construe his complaint liberally as alleging that the defendants subjected him to cruel and unusual punishment in violation of his rights under the Eighth and Fourteenth Amendments. See McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992) (stating that a pro se litigant's pleadings should be liberally construed). We disagree. Liberally construed, the complaint alleges only that the defendants participated in a conspiracy to retaliate against Guerra for filing a state court lawsuit regarding medical care.
 
 C. Appointment of Counsel
 
 6
 Guerra argues that the district erred by denying his 28 U.S.C. § 1915(d) motion for appointment of counsel.[1] Because this case does not present any exceptional circumstances, we conclude that the district court did not abuse its discretion by denying Guerra's motion for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 D. Scheduling Order
 
 7
 Guerra contends the district court erred by permitting the defendants to file their motion for summary judgment after the deadline imposed in the scheduling order. We conclude the district court did not abuse its discretion. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir.1992).
 
 
 8
 Under Fed.R.Civ.P. 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." In this case, the district court reasonably determined that the defendants had shown good cause for a modification, noting that the scheduling order had permitted only four months for discovery, and five and one-half months for dispositive motions.
 
 E. Declarations
 
 9
 Guerra contends the district court erred in considering certain declarations filed by the defendants in support of their motion for summary judgment. He argues that the declarations did not comply with the requirements of Fed.R.Civ.P. 56(e) because they were not made on personal knowledge and did not establish that the declarants were competent to testify to the matters stated therein. This argument lacks merit. Our review of the declarations to which Guerra refers reveals that they are all based on personal knowledge and affirmatively show that the declarants are competent to testify to the matters contained in the declarations. They therefore comply with the requirements of Fed.R.Civ.P. 56(e).
 
 
 10
 Guerra also asserts that the district court erred in refusing his request under Fed.R.Civ.P. 56(f) for an extension of time to obtain the declaration of his sister in support of his claim that prison officials interfered with his mail between August and November, 1992. We are not persuaded. The district court granted summary judgment to the defendants on the mail interference claim on the ground that Guerra had failed to make any connection between the alleged mail interference and any of the named defendants. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (stating that to establish liability under 42 U.S.C. § 1983, a plaintiff must show personal participation by the defendant). While Guerra argues that his sister's declaration would have established that a correctional officer (not named as a defendant) informed his sister that Guerra's mail had been stopped because of Guerra's involvement in a prison blackmarketing ring, Guerra does not argue that it would have helped him establish that the named defendants participated in, or directed the interference with, his mail. See id. Therefore, the district court properly concluded that a continuance was unnecessary.
 
 F. Access To The Courts
 
 11
 Guerra contends that the district court erred in granting summary judgment to the defendants on his access to the courts claim because, "[t]he magistrate in her findings and recommendations found that appellant/petitioner met the BOUNDS core requirements." Guerra apparently believes that the magistrate judge found that he was denied access to the courts under Bounds v. Smith, 430 U.S. 817, 828 (1977).
 
 
 12
 Guerra misreads the magistrate judge's findings and recommendations. The magistrate judge stated that Guerra had failed to establish a Bounds violation because there was no allegation that the prison library in Unit IVA was inadequate, and Guerra had failed to show that he sustained an actual injury. See Lewis v. Casey, 116 S.Ct. 2174, 2179-80 (1996) (holding that all access to the courts claims must be based on an actual injury). Guerra does not dispute that he failed to show an actual injury.
 
 G. First Amendment
 
 13
 Guerra finally contends that the district court erred in concluding that he failed to state a claim that prison officials interfered with his mail in violation of the First Amendment. He specifically argues that the magistrate judge erred in stating that, "plaintiff does not allege that his privacy rights were violated by prison staff opening and reading his legal mail, he merely alleges that the mail's progress was impeded or delayed." We disagree. There is no suggestion in the complaint that prison officials opened, inspected or read Guerra's mail. Guerra only speculates now that his mail "had to have been read." This type of speculation is not sufficient to state a constitutional violation. See Nelson v. Pima Community College, 83 F.3d 1075, 1081 (9th Cir.1996) (stating that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment."); Witherow v. Paff, 52 F.3d 264, 266 (9th Cir.1995) (per curiam) (affirming grant of summary judgment when inmate alleged merely that officials "may" read his mail).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The portion of section 1915(d) authorizing the district court to request an attorney to represent a person unable to afford counsel was redesignated section 1915(e)(1) by the Prison Litigation Reform Act, Pub.L.No. 104-134, 110 Stat. 1321 (1996)