**Glen Leroy AVERY, Plaintiff–Appellant,**

v.

**Mark BROWN; Correctional Medical Services Inc., Defendants–Appellees.**

No. 00–35054.

D.C. No. CV–99–0159–MHW.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN and W. FLETCHER Circuit Judges.

MEMORANDUM[3]

Glen Leroy Avery, an Idaho state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of summary judgment de novo. *See Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam).

Because Avery failed to present facts that would demonstrate defendants had a culpable state of mind and because a difference in medical opinion does not state a claim for deliberate indifference, the district court did not err by granting summary judgment. *See Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996).

Because the district court properly dismissed Avery's federal claims, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Avery's state law claim for medical malpractice. *See Binder v. Gillespie,* 184 F.3d 1059, 1066 (9th Cir.1999), *cert. denied,* 528 U.S. 1154, 120 S.Ct. 1158, 145 L.Ed.2d 1070 (2000).

Because Avery failed to demonstrate exceptional circumstances, the district court did not abuse its discretion by denying his motion for appointment of counsel. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986).

We do not consider Avery's claims of retaliation, entrapment and discrimination which were raised for the first time on appeal. *See Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir.1996).

We decline to consider claims not raised in Avery's opening brief. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999). We deny Avery's motions to supplement the record on appeal. *See id.*

AFFIRMED.

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.