**Frederick C. WILBORN,
Plaintiff-Appellant,**

v.

**Antonio ESCALDERON and Ruth
Rushen, Defendants-Appellees.**

No. 83–5510.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 1984.

Vacated from Submission Nov. 29, 1984.

Resubmitted June 21, 1985.

Decided July 3, 1986.

Joseph D. Allen, Santa Barbara, Cal., Fredrick C. Wilborn, for plaintiff-appellant.

David I. Friedenberg, Asst. Atty. Gen., San Diego, Cal., for defendants-appellees.

Before NELSON, BOOCHEVER, and REINHARDT, Circuit Judges.

NELSON, Circuit Judge:

Wilborn appeals a grant of summary judgment for defendants Rushen and Escalderon in his 42 U.S.C. § 1983 action for deprivation of property without due process. Before summary judgment was granted, Wilborn had appealed the district court's denial of his motion for request of counsel under 28 U.S.C. § 1915(d).[1] Because such orders are not immediately appealable interlocutory orders, we find that the district court properly retained jurisdiction after Wilborn's appeal of that order. Furthermore, incident to our review of the district court's final decision in this case, we find that the district court did not abuse its discretion in denying Wilborn's motion for request of counsel. However, we hold that the district court should have given Wilborn leave both to amend his complaint and to conduct such discovery as would support that amendment. Thus, we reverse and remand for further proceedings below.

## FACTUAL BACKGROUND

Wilborn was arrested by a San Diego County deputy sheriff, J.D. Cook, for violating parole. When Wilborn denied consent to a search of his automobile, Cook "placed a hold" on it. Wilborn's daughter, whom Wilborn called when he arrived at the jail, contacted the towing service to recover the vehicle and the personal belongings therein. The towing service directed Wilborn's daughter to Cook, who allegedly denied placing a hold on the car and, in turn, referred Wilborn to his parole officer. Parole officer Antonio Escalderon, who visited Wilborn in jail both to serve him with parole violation reports and to discuss a parole violation hearing, denied knowledge of the impounded car. Wilborn wrote several letters to Ruth Rushen, the Director of the California Department of Corrections, stating that the car contained his only pair of dentures and a number of treasured religious books. One of Rushen's subordinates advised Wilborn to ask his present parole officer, Gary C. Pena, to recover Wilborn's belongings from the car. Pena told Wilborn, however, that his supervisor had instructed him not to become involved in the matter.

---

1. Here, in using the word "request," we merely track the language of the statute. Section 1915 provides in pertinent part:

 (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

 An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

 . . . .

 (d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

Some six months after Wilborn's arrest, his counsel, who had been appointed to represent him in a state criminal proceeding, arranged for the recovery of Wilborn's possessions. The hold was taken off the vehicle, but Wilborn could not pay the accumulated storage fees. The record does not indicate that Cook ever sought a warrant to search the seized vehicle. In addition, though Wilborn's ownership of the car was questioned, and some period of the impoundment may have been at the request of a potential owner, no one disputed Wilborn's title to his dentures and other possessions. All of Wilborn's personal belongings were missing when the car was finally released.

Wilborn filed a section 1983 action against Escalderon and Rushen, to which defendant Pena was later joined. The complaint alleged that the defendants had conspired to deprive Wilborn of his property without due process of law and to intercept his mail. Accorded the liberal construction due a *pro se* complaint, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), the complaint also alleges that Cook seized the vehicle without probable cause and that Cook and another officer, who identified himself to Wilborn as "Bruce Lee," used excessive force during the arrest. Cook was not formally named as a defendant, but his affidavit, in which he admitted that he was responsible for the hold on the vehicle, accompanied the motion for summary judgment filed by Escalderon and Rushen.

## DISCUSSION

### I. Order denying request of counsel under section 1915(d)

■ First, we address the question of whether an order denying request of counsel in section 1983 actions is an immediately appealable final order. If it is not, the district court properly retained jurisdiction to issue a summary judgment. Wilborn filed three motions for request of counsel under section 1915(d). All three motions were denied, with the last two being construed as motions for reconsideration of the initial denial. The district court found that designation of counsel was not warranted

because the exceptional circumstances required in this circuit for designating counsel under section 1915(d) were not present. Wilborn responded that he was unable to pursue discovery and to prepare motions in opposition to those of the defendants. He then filed a timely motion of appeal from the last order denying request of counsel. Wilborn filed no further notice of appeal. After summary judgment was ordered, however, he filed with this court a motion to proceed *in forma pauperis*. We construe his motion to proceed *in forma pauperis* as a notice of appeal, for it satisfies the three conditions which permit such a construction: (1) it demonstrates his intent to appeal; (2) it was served upon defendants; and (3) it was timely filed. *See Rabin v. Cohen*, 570 F.2d 864, 866 (9th Cir. 1978). The timeliness requirement is satisfied because we treat the prematurely filed notice of appeal as final after judgment is entered. *See* Fed.R.App.P. 4(a)(2); *Song Jook Suh v. Rosenberg*, 437 F.2d 1098, 1101 (9th Cir.1971).

To be immediately appealable, an interlocutory order denying counsel to a section 1983 plaintiff under section 1915(d) must fit within the "collateral order" exception to the final judgment rule of 28 U.S.C. § 1291. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). As reiterated by the Supreme Court, the *Cohen* exception has three conditions: the order must "conclusively determine the disputed question," "resolve an important issue completely separate from the merits of the action," and "be effectively unreviewable on appeal from a final judgment." *Richardson-Merrell, Inc. v. Koller*, —— U.S. ——, 105 S.Ct. 2757, 2758, 86 L.Ed.2d 340 (1985) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

Because the denial of counsel in a civil rights action brought under 42 U.S.C. § 1983 does not resolve an important issue completely separate from the merits, *Kuster v. Block*, 773 F.2d 1048 (9th Cir.1985), the order fails the second *Cohen* condition. Accordingly, it is not immediately appealable.[2] *Kuster*, 773 F.2d at 1049.

---

2. *Kuster* does not conflict with *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir.1981) (*Bradshaw II*), which held that an order denying appointment of counsel under Title VII satisfied all three *Cohen* conditions. As we pointed out in *Bradshaw II*, Congress has made explicit findings that Title VII litigants are presumptively incapable of handling properly the complexities involved in Title VII cases. 662 F.2d at 1313 & n. 32. Title VII plaintiffs are usually members of a disadvantaged class and face opponents who command vastly superior

However, incident to our review of the district court's summary judgment in this case, we review that court's decision to deny Wilborn's motion for request of counsel.

28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant. *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir.1984). Thus, we review for an abuse of discretion the district court's denial of Wilborn's motion for request of counsel.

The rule that counsel may be designated under section 1915(d) only in "exceptional circumstances" derives from *Weller v. Dickson,* 314 F.2d 598, 600 (9th Cir.), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963) which held that "the privilege of pleading in forma pauperis ... in civil actions for damages should be allowed only in exceptional circumstances." *Weller* was extended, without comment, to "appointment of counsel" in *United States v. Madden,* 352 F.2d 792, 794 (9th Cir.1965). *Madden* was then cited for the rule in *Alexander v. Ramsey,* 539 F.2d 25, 26 (9th Cir.1976); *United States v. McQuade,* 579 F.2d 1180, 1181 (9th Cir. 1978), on appeal after remand, 647 F.2d 938, 940 (9th Cir.1981), cert. denied, 455 U.S. 958, 102 S.Ct. 1470, 71 L.Ed.2d 677 (1983); *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980); and *Franklin v. Murphy,* 745 F.2d 1221, 1236 (9th Cir.1984). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir.1983), *quoted in Kuster,* 773 F.2d at 1049. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d).[3]

■ Here, Wilborn has not demonstrated a likelihood of success on the merits. In addition, we do not find that any difficulty Wilborn experienced in attempting to litigate his case derived from the complexity of the issues involved. Although discovery was essential in order for Wilborn to learn who had impounded his vehicle and why, particularly since Cook allegedly misinformed him, the need for such discovery does not necessarily qualify the issues involved as "complex."[4] Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.[5] If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se,* he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel. Thus, we affirm the district court's denial of Wilborn's motion for request of counsel under section 1915(d).

resources. H.R.Rep. No. 238, 92d Cong., 2d Sess. 12 (1972), *reprinted in* 1972 U.S.Code Cong. & Ad.News 2137, 2148. *See Jenkins v. Chemical Bank,* 721 F.2d 876, 879 (2d Cir.1983); *Poindexter v. F.B.I.,* 737 F.2d 1173, 1182–83 (D.C. Cir.1984). We are, of course, required to defer to Congress' factual findings in this area.

3. We feel compelled to remark that we are troubled by what we perceive to be the incoherence of the two-pronged inquiry into exceptional circumstances by which we are bound. The present case aside, we question how a court reasonably can expect a strong showing by a § 1983 claimant on the first prong when it is manifestly unlikely that a *pro se* petitioner involved in a complex case which he cannot litigate effectively would be *capable* of demonstrating a likelihood of success on the merits. Despite our misgivings, we are bound by the law of this circuit.

4. We note that while one of Wilborn's claims, the due process claim against the state, may eventually be resolved through state remedies under *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), this possibility depends upon development of further facts. *See Coleman v. Turpen,* 697 F.2d 1341, 1347 (10th Cir.1982). Indeed, all of Wilborn's claims against Rushen, Escalderon, and Pena require further factual support.

5. We do not here purport to distinguish between issues of fact and issues of law. Nor do we intend to imply that the complexity of the factual issues involved bears no relationship to the complexity of the legal issues involved. Rather, we only suggest that the need for further factual discovery is not, by itself, sufficient to establish the complexity of the legal issues.

## II. The district court should have permitted Wilborn leave to amend his complaint

 Next, we turn to Wilborn's failure to include Cook as a defendant. We hold that the district court should have permitted the plaintiff leave to amend his complaint. Directly on point is *Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), in which the court held that the district judge was obligated to tell the *pro se* plaintiff that he had omitted an obvious defendant, and to allow leave to join that individual to the suit. *Id.* Under the lenient treatment due a *pro se* litigant, we find that Wilborn should have been granted leave to join Cook, particularly after Cook's affidavit was filed. *See Bennett v. Campbell*, 564 F.2d 329, 332 (9th Cir.1977) (ordering leave to join four recently identified defendants). We recognize, of course, that a trial court should not have to act as an advocate for a litigant. However, when a *pro se* litigant alleges a cause of action which omits an obvious defendant, the district court should direct or advise amendment of the pleadings to bring that defendant before the court. Here, the utility of a remand to permit such an amendment is not in question. Wilborn's prospective claim against Cook may have merit. The San Diego Sheriff's Office held the impounded car for five months, refused to release it to appellant's daughter, and finally released the car to Wilborn's family missing the items Wilborn had been seeking for so long. Even if the state held the car because a third party asserted ownership based on Wilborn's delay in making car payments, a due process claim may be made out when, without notice or a hearing, the state effectuates repossession over the debtor's objections. *See Harris v. City of Roseburg*, 664 F.2d 1121, 1127 (9th Cir.1981). This rule has been applied to property impounded by the police from a suspected criminal. *See, e.g., Coleman v. Turpen*, 697 F.2d 1341, 1343–45 (10th Cir.1982); *Reimer v. Short*, 578 F.2d 621, 629 (5th Cir.1978), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1425, 59 L.Ed.2d 635 (1979).

Because the district court did not grant Wilborn leave to amend his complaint, we reverse the summary judgment below and now direct the lower court to permit Wilborn leave to make his amendment. In addition, we hold that Wilborn should be permitted to conduct such discovery as he deems appropriate to support his amended complaint.

## CONCLUSION

An order denying request of counsel under section 1915(d) is not immediately appealable. In reviewing this order incident to our review of the district court's summary judgment, which clearly is final and appealable, we affirm the district court's denial of Wilborn's motion under section 1915(d). We also find that Wilborn should have been given leave to amend his complaint to include Cook as a defendant. Thus, we reverse the grant of summary judgment and remand for proceedings in accordance with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.