89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Joseph LUEBBERS, Plaintiff-Appellant,
v.
K.G. WALKER; T. O'Day, Defendants-Appellees.
 No. 95-16180.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald J. Luebbers appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Luebbers contends that he was denied due process in a prison disciplinary hearing because he was not permitted to call all of the witnesses he requested, and because his request for documents regarding his work record was denied. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996), and affirm.
 
 
 3
 Luebbers contends that he was denied due process because he was only permitted to call two out of eight requested witnesses to testify on his behalf at the disciplinary hearing. He also claims that denying him access to documents relating to his prior work history violated his constitutional right to due process. We must determine, viewing the evidence in the light most favorable to Luebbers, whether the district court correctly applied the relevant substantive law. Id.
 
 
 4
 State regulations do not afford a prisoner a protected liberty interest entitling him to procedural protections unless the action by prison officials serves to increase his sentence or results in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. O'Connor, 115 S.Ct. 2293, 2300-02 (1995).
 
 
 5
 Here, the facts are not in dispute. Luebbers does not allege an increase in his term of imprisonment. Nor does the denial of his request to call numerous witnesses, or the denial of his request to discover his work history documents constitute an atypical, significant deprivation in which the state might create a liberty interest. See id. at 2301.
 
 
 6
 Luebbers also challenges the denial of his motion to correspond with inmate witnesses and to have counsel appointed to represent him in the district court. There is no constitutional right to appointed counsel in civil cases, except where the case involves exceptional circumstances. See Burns v. County of King, 883 F.2d 819, 823 (9th Cir.1989); United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir.1986). To show exceptional circumstances, the litigant must demonstrate the likelihood of success and the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Additionally, the district court may deny discovery motions when the request would not shed light upon the issues on which summary judgment was based. See Quall v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994).
 
 
 7
 Luebbers' case deals with a prison disciplinary proceeding. The issues are not complex, and Luebbers cannot show a likelihood of success if he were appointed counsel. See Wilborn, 789 F.2d at 1331. Thus, the district court did not err by denying Luebbers' request for appointed counsel. See Burns, 883 F.2d at 823; 30.64 Acres of Land, 795 F.2d at 801. The district court did not err by denying Luebbers' request for discovery, since Luebbers did not demonstrate what the discovery would reveal. See Quall, 22 F.3d at 844.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3