106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kurt J. ANGELONE, Plaintiff-Appellant,
v.
ATTORNEY GENERAL OF the STATE OF WASHINGTON, and their
agents; Attorney General of South Dakota, and their agents;
Joe Class, Warden of the South Dakota Penitentiary and his
agents; Jim Krider, Snohomis County Prosecutor; Lisa D.
Paul, Deputy Prosecutor; Gloria Parker, Legal Assistant;
Chase Riveland; John M. Strohman, Assistant Attorney
General; Mike Ernst, Administrative Assistant, Central
Records; Administrative Segregation Classification Board
Members of the South Dakota State Penitentiary, Defendants-Appellees.
 No. 95-36081.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kurt Angelone, a South Dakota prisoner, appeals pro se the district court's dismissal of his civil rights action brought under 42 U.S.C. §§ 1983 and 1985(3) alleging that the defendants conspired to deprive him of his due process and equal protection rights in connection with his transfer from a prison in South Dakota to a county jail in Washington. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 On May 30, 1995, Angelone filed an amended complaint alleging various procedural defects in connection with his transfer pursuant to the Interstate Agreement on Detainers. Angelone sought equitable and declaratory relief as well as compensatory and punitive damages.
 
 A. Washington Defendants
 
 4
 On July 27, 1995, defendants Krider, Paul and Parker filed a motion to dismiss arguing that they were entitled to absolute prosecutorial immunity. Rather than filing an opposition to the motion, on August 3, 1995, Angelone filed motions (1) for an extension of time in which to file an opposition motion, (2) for appointment of counsel, and (3) for permission to take the depositions of defendants Paul and Parker.
 
 
 5
 On September 26, 1995, the magistrate judge denied Angelone's motions and dismissed his action. The magistrate judge concluded that defendants Krider, Paul, and Parker were entitled to absolute prosecutorial immunity because the defendants' actions "were taken in the course of preparing for the initiation of criminal proceedings." Although in arriving at this conclusion, the magistrate judge relied upon evidence outside the pleadings, the allegations in Angelone's amended complaint, standing alone, support the district court's dismissal. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993) (stating that the district court's judgment may be affirmed on any ground supported by the record); see also Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (holding that prosecutors are entitled to absolute immunity for performance of prosecutorial duties).
 
 
 6
 Angelone's claims against defendants Gregoire and Riveland also must fail because Angelone failed to allege facts in his amended complaint showing that these defendants personally participated in the alleged deprivation.[2] See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).
 
 B. South Dakota Defendants
 
 7
 Angelone's claims against defendants Barnett, Strohman, and Class must fail because Angelone had a full and fair opportunity to litigate these claims in his habeas corpus proceeding decided before he was transferred to Washington. See Silverton v. Department of Treasury, 644 F.2d 1341, 1346-47 (9th Cir.1981).
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 The parties consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 The remaining defendants also filed motions to dismiss, which the magistrate judge granted
 
 
 [3]
 Because Angelone failed to show that exceptional circumstances existed here, the district court did not abuse its discretion by denying his motion for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)