**John Edward FISHER, Plaintiff—Appellant,**

**v.**

**Terry L. STEWART, Defendant,**

**and**

**John Hallahan; Hart; Corral, Defendants—Appellees.**

**No. 01–15433.**

**D.C. No. CV–99–00301–WDB.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided June 21, 2002.

Before LAY *, THOMPSON and TALLMAN, Circuit Judges.

## MEMORANDUM **

Appellant John Edward Fisher ("Fisher"), an Arizona Department of Corrections Inmate, appeals the district court's adverse summary judgment of his claims under 42 U.S.C. § 1983. Fisher also appeals the dismissal of his claims against former defendants Buck and Robinson, the denial of his motion for appointment of trial counsel, and the denial of his motion for in camera review. Because the parties are familiar with the facts, we do not detail them here. We affirm.

The district court did not err in granting summary judgment in favor of Appellees Hart, Correll, and Hallahan. Although "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," only a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eight Amendment. *Farmer v. Brennan*, 511 U.S. 825, 828–33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Viewing the evidence in the light most favorable to Fisher, as required on summary judgment, the information imparted to Hart provided him with knowledge of a substantial risk of harm to Fisher. However, Hart took reasonable steps to abate any known risk, including offering to move Fisher out of his unit, and thus

---

* Honorable Donald P. Lay, Senior United States Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

was not deliberately indifferent to Fisher's safety. *See id.* at 847, 114 S.Ct. 1970.

Fisher has failed to show that Correll was aware of a substantial risk of harm before the stabbing occurred that would have required him to take reasonable steps, such as securing a floor officer, to avert this danger. Fisher has also failed to establish a dispute as to whether Correll was deliberately indifferent to Fisher's medical needs. Prison officials are deliberately indifferent to a prisoner's serious medical needs only when they "deny, delay, or intentionally interfere with medical treatment." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000). Correll let Fisher pass after he was made aware of Fisher's injuries, and Fisher's subsequent brief detention at main control did not result in "substantial harm," *see Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990), or constitute an "unnecessary and wanton infliction of pain" as required under the Eighth Amendment, *see Hallett v. Morgan*, 287 F.3d 1193, 1205 (9th Cir.2002).

■ Fisher has not provided any evidence demonstrating that Warden Hallahan received any correspondence from him or his wife regarding Fisher's safety. As such, he has failed to show deliberate indifference on Hallahan's part since Hallahan could not have known of any threat to Fisher's safety. Further, because Fisher has failed to demonstrate that Hallahan was personally involved in, or had any knowledge of, Fisher's transfer to Cimarron, and because, as described below, the transfer did not even constitute a constitutional deprivation, Hallahan cannot be held liable under 42 U.S.C. § 1983 simply based on his supervisory position as Warden. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir.2001); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ The district court did not err in dismissing Fisher's claims against former defendants Buck and Robinson. Section 1983 liability only lies where "(1) the defendants acted under color of law, and (2) their conduct deprived [the appellant] of a constitutional right." *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc). Fisher cannot state a claim under § 1983 since he does not have a constitutionally protected right to remain in the same prison facility. *See Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (due process does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system").

■ The district court did not abuse its discretion in denying Fisher's motion for appointment of trial counsel under 28 U.S.C. § 1915. Fisher failed to establish a genuine issue of fact as to his claims against Hart, Correll, and Hallahan, and as such has not demonstrated a high likelihood of success on the merits. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986). Further, despite his claim that the legal issues in this case were complex, Fisher has been able to clearly and succinctly state his arguments, with appropriate legal support, throughout the pendency of his litigation. *See id.* He has therefore failed to establish "exceptional circumstances" warranting the appointment of trial counsel. *See id.*

■ The district court did not abuse its discretion in denying Fisher's motion for in camera review of certain documents. Fisher has not shown how exclusion of the information provided in these internal prison documents resulted in "actual and substantial prejudice" as none of the requested documents would have provided probative and relevant evidence establishing that the prison officials in question were deliberately indifferent to Fisher's

health and safety. *See Hallett*, 287 F.3d at 1212.

AFFIRMED.