**James H. FISHER, Plaintiff— Appellant,**

v.

**M.P. GALLAGHER, Associate Warden; et al.,\* Defendants—Appellees.**

No. 03–55684.

D.C. No. CV–93–1916–RL.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.\*\*

Decided Dec. 15, 2004.

James H. Fisher, Vacaville, CA, for Plaintiff–Appellant.

James J. Petzke, Esq., Office of the California Attorney General, San Francisco, CA, George H. Williamson, DAG, Office of the California Attorney General, Los Angeles, CA, Susan Eileen Coleman, Esq., Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM \*\*\*

James H. Fisher, a California state prisoner, appeals pro se the district court's partial summary judgment and the jury verdict for defendants in his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights by, among

---

\* The clerk shall correct the docket sheet to reflect that all defendants are appellees.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

other things, ordering retaliatory transfers in an effort to discourage him from filing complaints, confiscating his personal possessions, and using excessive force to subdue him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm.

The district court properly granted summary judgment on the retaliatory transfer claims, because Fisher failed to raise a genuine issue of material fact as to whether the transfers he complained of were without legitimate penological purpose. *See id.* at 815–16.

The district court properly concluded that Fisher failed to state a section 1983 civil rights claim for confiscation of his personal property because California law provides an adequate post-deprivation process. *See id.* at 816–17.

We do not consider Fisher's claim that expert testimony from his trial should be stricken or that defense counsel violated the rules of evidence during the trial. *See United States v. Whitten*, 706 F.2d 1000, 1012 (9th Cir.1983) (holding that evidentiary issues generally cannot be raised for the first time on appeal).

The district court acted within its discretion to deny Fisher's request for counsel, because Fisher did not show exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986).

Fisher's remaining contentions lack merit.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.