**Chili WILLIE, Plaintiff–Appellant,**

v.

**Jim PICCININI, et al., Defendants–Appellees.**

No. 05–17284.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2007.

Filed June 28, 2007.

Chili Willie, Ione, CA, pro se.

Richard B. Ulmer, Jr., Esq., Peter Snow, Esq., Latham & Watkins, LLP, Menlo Park, CA, for Plaintiff–Appellant.

Bonnie A. Freeman, Esq., Senneff Freeman & Bluestone, LLP, Santa Rosa, CA, Jerome M. Varanini, Esq., Trimble, Sherinian & Varanini, Sacramento, CA, for Defendants–Appellees.

Before: B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

MEMORANDUM **

California state prisoner Chili Willie appeals the district court's judgment, pursuant to a jury verdict and partial summary judgment, in favor of prison and medical officials at the Sonoma County Main Adult Detention on his claims of inadequate medical care and excessive force as violations of the Eighth and Fourteenth Amendments to the Constitution under 42 U.S.C. § 1983.

First, the parties dispute the standard applicable to Willie's claim of inadequate medical care. Willie argues that the district court erred by failing to apply the reckless indifference standard, whereas Defendants assert that the district court correctly applied the deliberate indifference standard. We need not resolve this disagreement, however, because whether one applies the existing deliberate indifference or the proposed reckless indifference standard, Willie is not entitled to relief. The correctional officers, including the mental health officials and physicians,

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation. Facility ("Defendants")

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

properly and reasonably dealt with Willie's condition on his intake to the Sonoma County Jail.

Next, the district court did not abuse its discretion by denying Willie's requests for appointment of counsel because he has not presented "exceptional circumstances." *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986).

Finally, we cannot find that the district court abused its discretion by granting summary judgment in favor of Defendants without allowing Willie to conduct additional discovery when Willie has not explained how the evidence he sought would have precluded summary judgment. *See Chance v. Pac–Tel Teletrac Inc.,* 242 F.3d 1151, 1161 n. 6 (9th Cir.2001).

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.