Lawrence Kevin **REICHELT,**
Plaintiff–Appellant,

v.

**CITY OF LOS ANGELES, a municipal corporation; et al., Defendants–Appellees.**

No. 07–56119.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lawrence Kevin Reichelt, Sparks, NV, pro se.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

## MEMORANDUM **

Lawrence Kevin Reichelt, a prisoner, appeals pro se from the district court's judgment dismissing as time-barred his action brought pursuant to 42 U.S.C. § 1983 and Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir.2000), and we affirm.

Reichelt's federal claims, alleging that the Los Angeles Police Department wrongfully terminated Reichelt and later committed perjury at his workers' compensation hearing, were not filed within two years of the Reichelt learning of the wrongdoing. *See* Cal.Civ.Proc.Code § 335.1 (two-year statute of limitations for personal injury); *Johnson*, 207 F.3d at 653 (federal claims subject to forum state's statute of limitations for personal injury claims). Moreover, Reichelt did not adequately allege he is entitled to tolling. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993). Accordingly, the district court properly dismissed the federal claims as time-barred. The district court acted within its discretion in declining to exercise jurisdiction over the state law claims and dismissing them without prejudice. *See* 28 U.S.C. § 1367(c)(3).

The district court did not abuse its discretion in denying Reichelt's motion for appointment of counsel because Reichelt did not show exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

