**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD FARLEY, | No. 09-15695 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-01760-LJO-WMW |
| v. | |
| DOCTOR E. CAPOT, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Leonard Farley, a California prisoner, appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir. 2001), and we affirm in part, reverse in part, and remand.

The district court properly dismissed Farley's deliberate indifference claim against Dr. Capot because Farley failed to allege that Capot knew of or disregarded a serious risk to Farley's health. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (setting forth deliberate indifference standard); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (isolated instances of negligent failure to provide medical care do not rise to the level of deliberate indifference). The record shows that despite his initial failure to diagnose the source of Farley's abdominal pain, Capot subsequently responded reasonably to Farley's medical needs.

However, the district court erred in dismissing Farley's deliberate indifference claim against Dr. Tate. At the pleading stage, the allegations in Farley's complaint must be taken as true and construed in the light most favorable to him. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Farley alleged facts indicating that Tate refused to authorize two urgent requests for surgery on Farley's cancerous tumor without any explanation and that the approximately two-month delay in surgery caused Farley unnecessary pain and further serious harm. *See Jett*, 439 F.3d at 1097-98 (two-month delay in receiving treatment for fractured

thumb and nineteen-month delay in being seen by a hand specialist which caused pain and diminished use of hand is sufficient to state deliberate indifference claim). Contrary to the district court's finding, Farley's allegation that his tumor was malignant was not contradicted by the record.

We deny Farley's motion for appointment of counsel because he fails to establish exceptional circumstances for such appointment. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**