**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DONNY DAVID WAGGONER,<br><br>Petitioner- Appellant,<br><br>v.<br><br>ROBERT J. HERNANDEZ, Warden,<br><br>Respondent-Defendants. | No. 08-55168<br><br>D.C. No. CV- 05-798-GPS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted August 6, 2010
San Francisco, California

Before:    THOMAS and SILVERMAN, Circuit Judges, and FOGEL, District
           Judge[**]

Donny David Waggoner appeals the district court's denial of his petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Waggoner seeks relief from

his state court conviction for possession of pseudoephedrine with the intent to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jeremy Fogel, United States District Judge for the
Northern District of California, sitting by designation.

manufacture methamphetamine (Cal. Health & Saf. Code § 11383(c) (2002)), and possession of methamphetamine for sale (Cal. Health & Saf. Code § 11378 (2002)). We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review *de novo* the district court's denial of a habeas petition. *Musladin v. Lamarque*, 555 F.3d 830, 835 (9th Cir. 2009). We affirm in part, reverse in part, and remand.

We conclude that, even if the evidence in the record is viewed in the light most favorable to the prosecution, no rational trier of fact could have found that evidence sufficient to establish beyond a reasonable doubt each of the elements of possession of pseudoephedrine with the intent to manufacture methamphetamine. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) ("[T]he applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."). There was no evidence that Waggoner himself intended to manufacture methamphetamine; at most the record supported an inference that Waggoner intended to trade cold medicine containing pseudoephedrine to a methamphetamine manufacturer in return for money or drugs. The state court concluded that this inference was sufficient to support Waggoner's conviction.

---

[1] We construe Waggoner's application to proceed on appeal *in forma pauperis* as a timely notice of appeal. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986) (motion to proceed *in forma pauperis* construed as notice of appeal).

However, under California law Waggoner's intent to sell or trade cold medicine to a third party is insufficient to render Waggoner guilty as an aider and abettor absent proof of a criminal act by the third party. *See People v. Perez*, 35 Cal. 4th 1219, 1225 (2005) ("[F]or a defendant to be found guilty under an aiding and abetting theory, someone other than the defendant must be proven to have attempted or committed a crime; i.e., absent proof of a predicate offense, conviction on an aiding and abetting theory cannot be sustained.").[2] Thus the state court's conclusion was contrary to, or an unreasonable application of, *Jackson*, and the district court erred in ruling otherwise.

We agree with Waggoner that he is not procedurally defaulted from asserting his remaining claims, which are based upon the testimony of the prosecution's expert and the prosecutor's reference to that testimony during closing argument. The state has waived its procedural default argument by raising it for the first time on appeal. *See Slovik v. Yates*, 556 F.3d 747, 751 n.4 (9th Cir. 2009) (state forfeited its procedural default argument raised for the first time in a petition for rehearing) *Franklin v. Johnson*, 290 F.3d 1223, 1229-32 (9th Cir. 2002) (state waived its procedural default argument raised for the first time on

---

[2] Although *Perez* issued after Waggoner's conviction, the decision expressly "clarif[ies] the scope of aiding and abetting liability, as well as the scope of section 11383." *Perez*, 35 Cal. 4th at 1225.

appeal).

However, we agree with the district court's conclusion that the state court's rejection of Waggoner's remaining claims was not contrary to, or an unreasonable application of, clearly established Supreme Court authority. The state court concluded correctly that trial counsel failed to object to the expert's opinion that Waggoner harbored an intent to manufacture methamphetamine, but rather objected only to some – but not all – of the bases for that opinion.

Even if the state court had made a factual error as to the scope of trial counsel's objections, such error could not be considered "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see Musladin*, 555 F.3d at 834 (citing 28 U.S.C. § 2254(d)); the trial transcript is at the very least susceptible of the interpretation given it by the state appellate court. To the extent that Waggoner is attempting to assert a freestanding argument that the expert's testimony invaded the province of the jury, Waggoner fails to cite any United States Supreme Court case holding that an expert may not offer an opinion regarding the ultimate issue to be decided by the trier of fact.

Accordingly, we affirm in part, reverse in part, and remand to the district court for further proceedings.[3]

---

[3] We note that because Waggoner received concurrent prison terms for his conviction on counts one (possession of pseudoephedrine with the intent to

4

**AFFIRMED in part; REVERSED in part; and REMANDED.**

Each party shall bear its own costs on appeal.

---

manufacture methamphetamine) and two (possession of methamphetamine for sale), this disposition will have no practical effect on Waggoner's sentence.