**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KEENAN G. WILKINS, AKA Neerah Brown, | No. 12-16583 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-03090-LHK |
| v. | MEMORANDUM* |
| COUNTY OF ALAMEDA; GREGORY J. AHERN; CARLA J. KENNEDY; JAMES E. AYALA; ANDREW THEOBALD; P.J. KENNEDY; D. L. SNIDER; D. SANCHAS; G. BOWMAN; K. ARY; PATRICK JONES; R. DELGADILLIO; DAVE MACDONALD; JANET PETERS; LOLITA FRANCISCO, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Argued and Submitted April 8, 2014
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff Keenan Wilkins appeals the district court's summary judgment as to all claims in favor of Defendants, including the County of Alameda and officers at the Alameda County Sheriff's Office. Wilkins, a prisoner who litigated pro se before the district court, alleges in a suit under 42 U.S.C. § 1983 that while he was being held as a pretrial detainee in Alameda County, Defendants precluded him from voting in elections in 2008, 2009, and 2010. Wilkins asserts that in doing so, Defendants violated his fundamental right to vote, his equal protection rights, and his due process rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

Wilkins alleges first, pursuant to 42 U.S.C. § 1983, that Defendants' conduct infringed upon his fundamental right to vote. To prevail on a claim under § 1983, Wilkins needs to show that he was deprived of a federal constitutional or federal statutory right. *See Galen v. Cnty. of L.A.*, 477 F.3d 652, 662 (9th Cir. 2007). But Wilkins was convicted of a felony in 1999 and thus California could (and did, for some time) deny him the right to vote without violating the Equal Protection Clause. *See Richardson v. Ramirez*, 418 U.S. 24, 56 (1974). California has re-enfranchised Wilkins because he completed his sentence and any parole, *see* Cal. Const. art. II, § 4; Cal. Elec. Code § 2101, but we have previously held that such re-enfranchisement is a statutory benefit conferred by the state, *see Harvey v.*

2

*Brewer*, 605. F.3d 1067, 1079 (9th Cir. 2010) (holding that a state's decision to re-enfranchise convicted felons is a "statutory benefit . . . not a fundamental right"). We thus conclude that Wilkins's claim concerns the alleged deprivation of a state statutory right, which is not actionable in a suit under § 1983. Accordingly, the district court properly granted summary judgment in favor of Defendants on Wilkins's fundamental right-to-vote claim.[1]

Wilkins next asserts that Defendants' conduct violated his rights under the Equal Protection clause, in part because at least one other inmate allegedly received a ballot before the 2008 elections but Wilkins did not. "Even a statutory benefit can run afoul of the Equal Protection Clause . . . if it confers rights in a discriminatory manner or distinguishes between groups in a manner that is not rationally related to a legitimate state interest." *Id.*

The district court erred in granting summary judgment for Defendants on Wilkins's equal protection claim for two reasons. First, Defendants did not move for summary judgment on Wilkins's equal protection claim based on allegations that he was treated differently than other inmates. Their cursory mention that they

---

[1] To the extent that Wilkins asserts that Defendants violated his substantive due process rights by infringing upon a deeply rooted and fundamental right, *see Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997), then that claim is coextensive with his fundamental right-to-vote claim and the district court properly granted summary judgment on it as well.

3

were moving "on all claims" did not suffice to alert Wilkins, a pro se litigant, that they sought summary judgment on his equal protection claim when they neither mentioned that claim specifically nor presented any argument on it. The district court effectively, then, granted summary judgment on this claim *sua sponte*. Because Wilkins had no notice that his equal protection claim, as distinct from his right-to-vote claim, was at issue on summary judgment, we reverse. *See Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993); *see also Greene v. Solano Cnty. Jail*, 513 F.3d 982, 985-86, 990 (9th Cir. 2008).

Second, Wilkins was not properly provided with notice of his obligations under Federal Rule of Civil Procedure 56, as is required by *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). The notice the district court provided was untimely, *see Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012), and the notice Defendants sent to Wilkins did not conform to the requirements laid out for *Rand* notice sent by the moving party, *see Rand*, 154 F.3d at 960. It is not the case that there are no facts on which Wilkins could prevail, and the record does not establish that Wilkins understood the summary-judgment proceedings from some outside source of information. The inadequate *Rand* notice was thus not harmless, and for this reason too we reverse the grant of summary judgment on Wilkins's equal protection claim. *See Woods*, 684 F.3d at 941; *Rand*, 154 F.3d at 961-62.

4

Wilkins also asserted a violation of his procedural due process rights, a claim under 42 U.S.C. § 1985(3) alleging a conspiracy to deprive him of his rights, and a claim under 42 U.S.C. § 1986 alleging negligent or willful failure to prevent such a conspiracy. Because the inadequacy of the *Rand* notice given to Wilkins was not harmless, we also reverse the grant of summary judgment on these three claims.

Finally, Wilkins sought appointed counsel. The district court did not abuse its discretion in denying Wilkins's request, because Wilkins had demonstrated the ability to present his claims adequately.[2] *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In conclusion, we reverse and remand for further proceedings as to Wilkins's equal protection, procedural due process, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986 claims. We affirm as to all other claims.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

Each party shall bear its own costs on appeal.

---

[2] We do not address whether the appointment of counsel, if sought, would be appropriate on remand.

5