**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIMMY MCDONALD,

            Plaintiff - Appellant,

v.

GREG CLARK, Correctional Officer; et al.,

            Defendants - Appellees.

No. 13-17006

D.C. No. 1:09-cv-00730-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Argued and Submitted May 13, 2015
San Francisco, California

Before: KOZINSKI, PAEZ, and CLIFTON, Circuit Judges.

    Jimmy McDonald appeals the district court's judgment following a jury

verdict in favor of Greg Clark, Adam Cano, Howard Roberts, and Robert

Rodriguez (collectively, "Clark"). We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The district court did not abuse its discretion in denying McDonald's motions for appointment of counsel.[1] "The abuse of discretion standard requires us to uphold a district court determination that falls within a broad range of permissible conclusions in the absence of an erroneous application of law." *Grant v. City of Long Beach*, 315 F.3d 1081, 1091 (9th Cir. 2002), *amended by* 334 F.3d 795 (9th Cir. 2003) (order). In the context of a motion for appointment of counsel under 28 U.S.C. § 1915, the district court must evaluate "at least . . . the likelihood of the plaintiff's success on the merits and . . . the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). There were three issues at stake in McDonald's Eighth Amendment deliberate indifference claim: 1) whether assigning McDonald to an upper bunk presented a substantial risk of serious harm, 2) whether Clark knew of and disregarded that risk, and 3) whether Clark's actions or inaction caused harm to McDonald. Clark conceded the first issue as part of the summary judgment proceedings, and the court found that there was a genuine factual dispute as to the second and third. Given McDonald's response to Clark's summary judgment motion and the nature of the remaining triable issues—primarily, ones of witness credibility—we affirm the court's

_____

[1] On appeal, this court appointed pro bono counsel on behalf of McDonald.

denials of McDonald's motions for appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

**2.** McDonald next argues that the district court committed reversible error in sustaining Clark's objection to the DeFrance Chrono. Even assuming the chrono was relevant under Federal Rules of Evidence 401 and 402, we conclude that the court's error was not prejudicial. *See Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009). Had the court admitted the DeFrance Chrono for more than the limited purpose of showing why prison officials transferred McDonald in August 2005, the jury still would have needed to evaluate each witness's credibility. And although housing transfers required a sergeant's approval, such evidence would show a chain of communication from guard to sergeant rather than from sergeant to guard, as reflected in the DeFrance Chrono. Thus, no prejudice occurred.

**3.** Finally, McDonald argues that the trial court plainly erred in permitting Clark's counsel to vouch for Clark's witnesses' credibility. Assuming for the purposes of this disposition that counsel's statements constituted improper vouching, an issue we do not decide, those statements do not call the fairness of the trial into question to a sufficient degree to warrant a new trial. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1192 (9th Cir. 2002). McDonald cites one brief

3

instance of alleged misconduct during counsel's closing argument. *See id.* at 1194 (considering "an isolated, short comment during a closing statement that covered 66 pages when transcribed"). And Clark otherwise presented evidence of prison protocols, stressed McDonald's lack of documentation to support his claim, and presented an alternative theory of causation. *See id.* at 1195 (considering the strength of a party's case). Thus, McDonald fails to meet his burden of showing prejudice on this record.

**AFFIRMED.**