# IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS NEVIUS,
Petitioner,
vs.
THE SEVENTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WHITE PINE,
Respondent,
and
RENEE BAKER, WARDEN,
Real Party in Interest.

No. 81877

**FILED**

MAY 14 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus seeks an order directing the district court to file a notice of entry for its summary judgment and to rule on motions to appoint counsel in a civil rights action. As to petitioner's request that we direct the filing of a notice of entry of order, we deny that request as moot. The record filed by respondent demonstrates that notice of entry was filed on January 22, 2021.

The record also demonstrates that, despite petitioner's assertions to the contrary, the district court entered orders denying his motions for appointment of counsel. We therefore also deny that portion of the petition as moot. To the extent petitioner's argument could be read to seek writ relief because the district court manifestly abused, or arbitrarily or capriciously exercised, its discretion in declining to reappoint counsel, we disagree.[1] *See Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80,

---

[1]The district court initially appointed petitioner counsel, but permitted appointed counsel to withdraw after the district court entered summary judgment against petitioner.

21-13954

476 P.3d 1194, 1196 (2020) (recognizing that this court can use its mandamus power to correct a manifest abuse of discretion or where the district court acted arbitrarily or capriciously); *Rodriguez v. Eighth Judicial Dist. Court*, 120 Nev. 798, 804, 813, 102 P.3d 41, 45, 51 (2004) (holding that a party has no constitutional right to counsel in civil cases and that "the trial court is the proper evaluator of the need for counsel on a case-by-case basis"); *see also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (providing that the decision to appoint counsel in a civil case requires exceptional circumstances and the district court to evaluate both the likelihood of success and the party's ability to present his claims).

Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Gary D. Fairman, District Judge
Thomas Nevius
Attorney General/Carson City
Attorney General/Las Vegas
White Pine County Clerk