Jose Manuel **SALAZAR CERVANTES**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–72735.
Agency No. A90–580–815.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Jan. 13, 2005.

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose Manuel Salazar Cervantes, Forks City, WA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, M. Jocelyn Wright, Esq., Song Park, Esq., DOJ–U.S. Department of Justice Civil Div., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM [**]

Jose Manuel Salazar Cervantes, a native and citizen of Colombia, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal of an immigration judge's ("IJ") denial of his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), and we deny the petition for review.

The IJ determined that Salazar Cervantes was not credible because he claimed he was kidnaped by the FARC guerrillas, whereas letters of family members mention only the general threat of kidnaping and that Salazar Cervantes had been threatened by the FARC. The IJ noted that one of the affiants, Salazar Cervantes' sister, was even in the car when the guerrillas allegedly took him.

Further, Salazar Cervantes testified that the guerrillas demanded a $40,000 ransom from his family, whereas his brother testified that no ransom was demanded. Because Salazar Cervantes' fear is based on the one incident of his kidnaping by guerrillas, the inconsistencies go to the heart of his claim and substantial evidence supports the IJ's adverse credibility finding. *See de Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997).

Substantial evidence also supports the IJ's conclusion that Salazar Cervantes is not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured upon return to Colombia. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Insofar as Salazar Cervantes contends the IJ denied him due process, he failed to demonstrate that the proceeding was so fundamentally unfair that he was unable to reasonably present his case. *See Colmenar v. INS,* 210 F.3d 967, 971–72 (9th Cir.2000).

Salazar Cervantes' motion for appointment of counsel is denied because this appeal does not present "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986).

PETITION FOR REVIEW DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.