Jose Manuel **SALAZAR–CERVANTES,** Petitioner,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 08–70291.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 19, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael L. Jacob, Law Office of Michael L. Jacob, Bainbridge Island, WA, for Petitioner.

Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: CANBY, LEAVY and KLEINFELD, Circuit Judges.

### MEMORANDUM **

This is a petition for review from the Board of Immigration Appeals' ("BIA") order dismissing petitioner's appeal from the immigration judge's ("IJ") denial of petitioner's second application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have reviewed the response to the court's May 20, 2008 order to show cause.

Summary disposition is appropriate because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

Petitioner is a native and citizen of Colombia. His first application for asylum and related relief was denied in 2003, and the BIA dismissed the appeal from that denial the same year. This court found that the IJ's adverse credibility determination was supported by substantial evidence, and the petition for review was denied in 2004. *See Salazar Cervantes v. Ashcroft,* 120 Fed.Appx. 104 (9th Cir.2005).

Following the denial of the first petition for review, the government did not remove petitioner to Colombia. Instead, the government issued another Notice to Appear and petitioner was permitted to reapply for asylum, withholding of removal, and protection under the CAT. Petitioner's second application for asylum was based on the same set of facts as his first application. That application was denied, and petitioner again seeks this court's review.

Petitioner does not challenge the finding that his application for asylum is time-barred.

Substantial evidence supports the IJ's adverse credibility finding. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). The inconsistencies that were the basis for the negative credibility finding included petitioner's varying explanations as to why he was targeted by FARC guerillas and discrepancies between witnesses' letters and their testimony regarding petitioner's detention. Although these discrepancies are central to petitioner's claim, the BIA did not err in concluding that, under the

---

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

REAL ID Act, a negative credibility determination may be based on inconsistencies that are not necessarily related to the heart of the claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (adverse credibility finding can be based on inconsistencies, inaccuracies, or falsehoods, "without regard to" whether they go "to the heart of the applicant's claim").

Substantial evidence also supports the denial of petitioner's CAT claim. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Accordingly, this petition for review is denied.

The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.