**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANA McMASTER,

        Plaintiff - Appellant,

  v.

K. NICHOLES; et al.,

        Defendants - Appellees.

No. 12-16239

D.C. No. 1:04-cv-06453-FRZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Frank R. Zapata, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

    California state prisoner Dana McMaster appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging federal and state

law claims related to the treatment of an injury to his ankle and lower leg. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on McMaster's deliberate indifference claim because McMaster failed to raise a genuine dispute of material fact as to whether defendants consciously disregarded a serious risk to his health arising from an injury to his left ankle and lower leg. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (setting forth elements of a claim for deliberate indifference); *Toguchi*, 391 F.3d at 1059-60 (neither negligence nor inmate's difference of opinion with physician is sufficient for deliberate indifference claim).

The district court properly granted summary judgment on McMaster's claim under California Government Code § 845.6 because McMaster failed to raise a triable dispute as to whether defendants failed to take reasonable action to summon any necessary immediate medical care for McMaster. *See Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006) (setting forth elements of claim under § 845.6).

The district court did not abuse its discretion in denying McMaster's motion to alter or amend judgment based on newly discovered evidence because McMaster failed to establish that the evidence was of such a magnitude as to change the outcome of the case had the court known of it earlier. *See Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003) (setting forth standard of review and grounds to warrant reconsideration based on newly discovered evidence).

The district court did not abuse its discretion in denying McMaster's motions for appointment of counsel because, notwithstanding his mental impairments, McMaster failed to demonstrate exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (setting forth standard of review and grounds warranting appointment of counsel).

McMaster's contentions regarding the district court's alleged failure to consider evidence or error in making disputed findings of fact are unpersuasive.

**AFFIRMED.**