**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAMONT SHEPARD,

Plaintiff - Appellant,

v.

M. BASS and G. MIRANDA, Correctional
Officers,

Defendants - Appellees.

No. 13-15032

D.C. No. 1:10-cv-00754-LJO-
BAM

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted July 9, 2015
San Francisco, California

Before: GILMAN,[**] GRABER, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

**1.** The district court did not abuse its discretion in declining to appoint counsel for *pro se* plaintiff Lamont Shepard in this action under 42 U.S.C. § 1983. Courts may appoint counsel in civil cases only in "exceptional circumstances," a determination that calls for evaluation "of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also* 28 U.S.C. § 1915(e)(1). The district court assumed that Shepard would be entitled to relief if he proved the factual allegations underlying his claims and thus took into account Shepard's likelihood of success on the merits. However, the record reveals no indication that Shepard had difficulty articulating his claims. Shepard filed numerous motions and pleadings that cogently articulated his legal arguments, and he succeeded in defeating Officer Bass's motion for summary judgment. We thus discern no abuse of discretion in denying the request for counsel.

**2.** The district court erred, however, in granting summary judgment to Officer Miranda.

Shepard claims that Officers Bass and Miranda used excessive force against him, in violation of the Eighth Amendment, after a rules violation hearing at which

Shepard argued with the Lieutenant in charge. According to Shepard, Officer Bass was irate that Shepard had spoken disrespectfully to the Lieutenant, and—in retaliation for Shepard's recalcitrance—slammed down a handcuff on Shepard's wrist once he was secured in his cell, forced Shepard up against the cell door by pulling on his waist chain, and ordered Officer Miranda to pepper spray him. Shepard further claims that Officer Miranda complied by emptying the entire canister on him. Other inmates corroborated much of Shepard's account in sworn declarations. Defendants, by contrast, claim that Officer Miranda pepper sprayed Shepard—with a single burst, not an entire canister—only after Shepard yanked Officer Bass's arm through the cell door food port, and only after Shepard failed to comply with orders to let go of Officer Bass's arm.

The magistrate judge credited defendants' account in resolving Officer Miranda's summary judgment motion. The magistrate judge found that Shepard had submitted no admissible evidence contesting that he tried to pull Officer Bass's arm into the cell. But Shepard specifically disputed that allegation in his reply in support of his own summary judgment motion. He further disputed defendants' account both in that document and in his opposition to defendants' motion for summary judgment, each of which Shepard attested to under penalty of perjury.

The magistrate judge should not have disregarded this evidence. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Crediting Shepard's account, as we must, *id.* at 922, a reasonable fact finder could conclude that pepper spraying Shepard as Officer Miranda allegedly did was unnecessary, and that no reasonable officer in those circumstances could have believed that Shepard posed a threat. *See Furnace v. Sullivan*, 705 F.3d 1021, 1026–30 (9th Cir. 2013). Granting summary judgment to Officer Miranda was therefore inappropriate.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

Each side shall bear its own costs.