NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ANTHONY TODD,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>D. J. RUIZ; M. SMITH, Community Partnership Manager, Corcoran State Prison; MAYO; MUSSELLMAN; BEN ALBITRE, Native American Spiritual Leader, Corcoran State Prison; YOSSI CARRON; RICHARD INDERMILL,<br><br>Defendants-Appellees,<br><br>and<br><br>C. GIPSON; D. FOSTON; D. JORDAN; C. BARNETT; T. CANO; K. CRIBBS; CALIFORNIA STATE PRISON CORCORAN; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; J. CAVAZOS, Deputy Warden, Corcoran State Prison; R DAVIS, Appeals Examiner, Office of Appeals; J. C. SMITH,<br><br>Defendants. | No.   18-16843<br><br>D.C. No.<br>1:12-cv-01003-DAD-BAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted November 1, 2019[**]

Before:  FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.

Michael Anthony Todd, a California state prisoner, appeals the district court's order dismissing some prison officials and appeals from the grant of summary judgment in favor of others. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Todd argues the prison officials were not entitled to qualified immunity because they violated his clearly established right to practice his religion of Creativity by discarding his religious materials and refusing to grant him a religious diet. However, it is not clearly established that Creativity invoked constitutionally cognizable religious interests, and therefore the prison officials were not on notice that their conduct might violate a constitutional right. *See Saucier v. Katz,* 533 U.S. 194, 201 (2001). Neither the Supreme Court nor the Ninth Circuit has ever addressed the issue of whether Creativity invokes a constitutionally cognizable religious interest, but several district courts in this

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

circuit have done so, instead viewing it as a secular philosophy that espouses white racial dominance. *See Community House, Inc. v. City of Boise,* 623 F.3d 945, 967 (9th Cir. 2010). Such right was not clearly established, and, therefore, the district court properly concluded that the prison officials were entitled to qualified immunity.

## II

Todd also claims he was entitled to appointed counsel because he would have had a greater likelihood of success with an attorney. However, he failed to prove exceptional circumstances that would have entitled him to appointed counsel in a civil case. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). The record reveals that Todd has demonstrated sufficient writing ability, familiarity with the legal standards, and capacity to conduct discovery and to file motions with the court. In addition, the claims in this case are not overly complex. Because Todd did not demonstrate exceptional circumstances, the district court did not abuse its discretion in concluding that he was not entitled to appointed counsel.[1]

**AFFIRMED.**

---

[1] The Request for Entry of Default, filed with this court on May 9, 2019, is DENIED.