NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUDY WILKINS, | No.   18-17044 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-01706-YGR |
| v. | |
| ALAMEDA COUNTY SHERIFF'S OFFICE; GREGORY J. AHERN, | MEMORANDUM* |
| Defendants, | |
| RICHARD T. LUCIA, | |
| Defendant, | |
| R. MACINTIRE, Sergeant, | |
| Defendant, | |
| D. DIXON, Sergeant, | |
| Defendant, | |
| UJOUR, Deputy #1985; CORIZON MEDICAL, | |
| Defendants, | |
| and | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

F. CHEN, Doctor,

                Defendant-Appellee,

MARIA MAGAT, Doctor,

                Defendant-Appellee,

G. NEWELL, Doctor,

                Defendant-Appellee,

KHIN THA, Doctor,

                Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted July 20, 2020[**]

Before: O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

Rudy Wilkins appeals from the entry of summary judgment on his claims, under 42 U.S.C. § 1983, that four doctors who treated him during his two-year incarceration at the Santa Rita Jail violated his Eighth and Fourteenth Amendment rights. Wilkins also challenges the district court's denial of several motions for the appointment of counsel and the denial of several motions to compel additional

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

discovery. The facts are known to the parties, and we do not repeat them here.

I

To survive summary judgment, Wilkins needed to provide a sufficient showing to establish that the defendants were deliberately indifferent to his serious medical needs. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The district court correctly concluded that Wilkins failed to carry his burden to raise a genuine issue of fact to support his claim that defendants were deliberately indifferent.

A mere "difference of opinion" between a prisoner and his medical provider as to the proper course of treatment is not grounds for deliberate indifference. *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012), *overruled in part not relevant here by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc). Rather, the prisoner-plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that defendants chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* at 988 (internal quotation marks and citation omitted). That a specific treatment was delayed or denied, without more, does not create a triable issue as to deliberate indifference, which is a culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Nor does the obviousness of a plaintiff's medical needs create a triable issue when the risks of the chosen *treatment* were not obviously excessive.

*Id.* at 842.

Wilkins's allegation that Dr. Chen refused to prescribe calamine lotion does not raise a triable issue of deliberate indifference. Wilkins fails to provide evidence suggesting that the prescription of antihistamines and hydrocortisone instead of calamine lotion was "medically unacceptable under the circumstances." *See Snow*, 681 F.3d at 988.

Nor does the denial of certain special accommodations—closed-toe shoes, an extra blanket, and a jacket—raise a triable issue. Wilkins fails to identify evidence suggesting that the denial of an extra blanket or a jacket was medically unacceptable. His blood test did not reveal a cold sensitivity. Likewise, he fails to produce evidence that closed-toed shoes were denied in conscious disregard of any excessive risk.

Wilkins further fails to provide evidence suggesting that Dr. Newell's "drug holiday" to avert the renal and gastrointestinal risks of prolonged use of Tylenol and nonsteroidal anti-inflammatory drugs was medically unacceptable, particularly given the corresponding prescription of low-risk analgesic balm.

Similarly, Wilkins identifies no evidence suggesting that Dr. Newell's and Dr. Tha's plans to treat his hernia conservatively (with clinical monitoring and a hernia belt) rather than aggressively (with surgery) was medically unacceptable under the circumstances.

4

Wilkins did not provide any evidence that he complained to any of the defendants about musculoskeletal shoulder or clavicle issues, complaining only of arthritic pain. He therefore fails to raise a triable issue as to whether the lack of a referral for an x-ray or surgery manifests the *conscious* disregard of an excessive risk to his health.

Finally, without an underlying constitutional violation by one of the defendants, Dr. Magat cannot be held liable as a supervisor. *See Snow*, 681 F.3d at 989.

## II

The district court appropriately exercised its discretion by denying Wilkins's motions to appoint counsel. Given his low likelihood of success on the merits and the relative straightforwardness of the legal issues, Wilkins failed to demonstrate the requisite "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

## III

The district court appropriately exercised its discretion by denying Wilkins's motions to compel additional discovery. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). The court cannot require the production of non-existent training materials and Wilkins provided no explanation to support his assertion that such additional training materials exist.

**AFFIRMED.**