FILED

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHAWN YAEGER,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 23-1626

D.C. No.
5:21-cv-00064-SVW-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Plaintiff Shawn Yaeger appeals pro se from the district court's grant of

summary judgment in his Federal Tort Claims Act medical malpractice case. We

have jurisdiction under 28 U.S.C. § 1291. We review the decision not to appoint

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

counsel in a civil suit, the decision not to appoint an expert under Federal Rule of Evidence 706, and the decision to deny a continuance for abuse of discretion. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (appointed counsel); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointed expert); *U.S. for Use & Benefit of Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters., Ltd.*, 74 F.3d 972, 976 (9th Cir. 1996) (continuance). We affirm.

The district court did not abuse its discretion by denying Yaeger's motions to appoint counsel, because Yaeger's medical malpractice claim is "relatively straightforward" and Yaeger has articulated his claims well. *See Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). Yaeger's desire for an expert witness is not an "exceptional circumstance" requiring appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 & n.5 (9th Cir. 1986).

The district court also did not abuse its discretion by denying Yaeger's motions to appoint an expert under Federal Rule of Evidence 706. Rule 706 is for appointment of a "neutral" expert, not the partisan expert witness that Griffin requested. *See Claiborne v. Blauser*, 934 F.3d 885, 901 n.7 (9th Cir. 2019).

The district court also did not abuse its discretion by denying Yaeger's continuance motion. The district court had already granted Yaeger several

continuances for the same deadline, and Yaeger had not shown that he was diligently preparing for the deadline. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022) (not an abuse of discretion to deny continuance when petitioner had multiple previous continuances). The order did not set a deadline that had already passed; the order instead quoted from a previous order.

To the extent Yaeger alleged an Eighth Amendment cause of action, this claim necessarily fails because the district court properly granted summary judgment on the medical malpractice claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

**AFFIRMED.**